# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL SESSION, 1999

FILED

April 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

RONALD WARD,                    )
                                )   No. 02C01-9806-CC-00173
        Appellant               )
                                )
vs.                             )   HENRY COUNTY
                                )
                                )   Hon. Julian P. Guinn, Judge
STATE OF TENNESSEE,             )
                                )   (Post-Conviction)
        Appellee                )

For the Appellant:

**Teresa McCaig Marshall**
Attorney at Law
308 W. Washington Street
Paris, TN  38242

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Georgia Blythe Felner**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Robert "Gus" Radford**
District Attorney General
Post Office Box 686
Huntingdon, TN  38344

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

## OPINION

The appellant, Ronald Ward, appeals from an order entered in the Henry County Circuit Court dismissing his petition for post-conviction relief. On appeal, the appellant contends, first, that his counsel was ineffective for his failure to investigate and pursue a defense, specifically the defense of entrapment, and second, that his guilty pleas were involuntary because trial counsel misled him as to the meaning of the thirty percent (30%) release eligibility date.

After review, we affirm pursuant to Rule 20, Tenn. Ct. Crim. R. App.

On January 15, 1997, the appellant entered guilty pleas to two counts of sale of cocaine over one-half gram, class B felonies, and one count of sale of cocaine under one-half gram, a class C felony. The trial court sentenced the appellant as a range I standard offender to eight years for each class B felony and three years on the class C felony. The sentences were ordered to be served concurrently. No direct appeal was taken from the sentence.

In February of 1998, the appellant filed a *pro se* petition for post-conviction relief. The *pro se* petition was subsequently amended after appointment of counsel. A hearing on the merits was held during which evidence was presented revealing that the drug transactions leading to the charges against the appellant were videotaped. In response to this evidence, the appellant admitted, "there was no need in it [going to trial], that he was busted, that they had him." Moreover, defense counsel testified that he thoroughly explained the meaning of the thirty percent (30%) release eligibility date to the appellant. In dismissing the petition on its merits, the post-conviction court found:

2

. . .There is no evidence that would even remotely suggest that a defense of entrapment or any other defense was available in the petitioner's case or, for that matter, that the petitioner's pleas of guilty were not knowingly or voluntarily entered. The petitioner fully understood the sentences he was to and did receive.

In a post-conviction proceeding, the appellant has the burden of establishing his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). Moreover, the findings of fact of the post-conviction court have the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against its judgment. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). We conclude that the appellant has failed to carry his burden of establishing his claims. Moreover, we cannot conclude that the evidence preponderates against the trial court's findings of fact. As a result, we find no error of law mandating reversal of the court's judgment. The post-conviction court's denial of the appellant's petition for post-conviction relief is affirmed in accordance with Tenn. Ct. Crim. R. App. 20.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
L. T. LAFFERTY, Senior Judge

3